**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MICHAEL LIEBAU, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  05-1221-MLB |
| | ) | |
| GARY STEED, et. al, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the court on defendant's motions for leave to file in forma pauperis (Doc. 2) and appointment of counsel (Doc. 3).  Plaintiff has alleged a violation of his Eighth Amendment rights against the sheriff of Sedgwick County and the Sedgwick County Detention Deputies.  (Doc. 1).  Plaintiff alleges that his rights were violated by being kept in the booking cell for six days without bedding, a coat or hygiene supplies.

This court may deny plaintiff's requests and may dismiss any case if it determines that the case is frivolous or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, the court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.  In addition, a pro se complaint must be construed liberally.  <u>Gaines v. Stenseng</u>, 292 F.3d

1222, 1224 (10th Cir.2002).  Section 1915(e)(2)(B) allows the court to dismiss a complaint "at any time," and there is no requirement under the statute that the court must first provide notice or an opportunity to respond.  See Jones v. Barry, 33 Fed. Appx. 967, 971, 2002 WL 725431 (10th Cir. Apr. 25, 2002).

Plaintiff has asserted a violation of his Eighth Amendment rights, but at the time of the alleged violation plaintiff was a pretrial detainee.  The Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, see Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), and the Eighth Amendment standard provides the benchmark for such claims. See McClendon v. City of Albuquerque, 79 F.3d 1014, 1022 (10th Cir. 1996).

When a prisoner asserts a civil rights violation, the Prison Litigation Reform Act (PLRA) controls.  The PLRA extends to pretrial detainees because the definition of a prisoner includes "any person ... detained in any facility who is accused of ... violations of criminal law." 42 U.S.C. § 1997e(h).  The PLRA provides that "[n]o action shall be brought with respect to prison conditions" until a prisoner exhausts his available administrative remedies." 42 U.S.C. § 1997e(a).  Plaintiff has failed to allege that he has exhausted his administrative remedies.  As such, plaintiff's claim fails as a matter of law.

Moreover, the PRLA requires that a prisoner make a showing of physical injury in order to bring an action for mental or emotional injury. 42 U.S.C. § 1997e(e).  Plaintiff has requested relief for his emotional injury, but has failed to allege any physical injury.

Accordingly, his claims for emotional injury are barred as a matter of law.  Plaintiff also requests relief "to keep defendants from keeping inmates in booking at the facility for more than one night." (Doc. 1 at 5).  While 1997e(e) does not bar a claim for injunctive relief based on emotional injury, Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 808 (10th Cir.1999), plaintiff's claim is moot since he is no longer incarcerated and lacks standing to assert third-party rights for any current or future inmates.  See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997); S&S Pawn Shop Inc. v. City of Del City, 947 F.2d 432, 438 n. 5 (10th Cir. 1991)(a litigant must assert his own legal interest unless he has demonstrated that an obstacle prevents the third party from asserting his rights).

Accordingly, plaintiff's applications to proceed in forma pauperis and for appointment of counsel are denied and this case is dismissed, with prejudice.

IT IS SO ORDERED.

Dated this __2nd__ day of August 2005, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE